1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2024

SEAN F. McAVOY, CLERK

3

4

5            UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| CHRISTOPHER B., | NO: 2:23-CV-00142-LRS |
| Plaintiff, | |
| v. | ORDER AFFIRMING THE COMMISSIONER'S DECISION |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[1] | |
| Defendant. | |

BEFORE THE COURT are the parties' briefs.[2]  ECF Nos. 9, 13.  This matter
was submitted for consideration without oral argument.  Plaintiff is represented by

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20,
2023.  Pursuant to Rule 25(d) of the Rules of Civil Procedure, Martin O'Malley is
substituted for Kilolo Kijakazi as the Defendant in this suit.

[2] Plaintiff's opening brief is labeled a Motion for Summary Judgment.  ECF No. 9.
The supplemental rules for Social Security actions under 42 U.S.C. § 405(g) went

attorney Chad Hatfield.  Defendant is represented by Special Assistant United States

Attorney David Burdett.  The Court, having reviewed the administrative record and

the parties' briefing, is fully informed.  For the reasons discussed below, Plaintiff's

brief, ECF No. 9, is denied and Defendant's brief, ECF No. 13, is granted.

## JURISDICTION

Plaintiff Christopher B. (Plaintiff),[3] filed for supplemental security income

(SSI) on July 24, 2018, and alleged an onset date of June 1, 2017, which was later

amended to April 7, 2018.  Tr. 39, 171-85.  Benefits were denied initially, Tr. 103-

11, and upon reconsideration, Tr. 115-21.  Plaintiff appeared at a hearing before an

administrative law judge (ALJ) on July 8, 2020.  Tr. 36-68.  On July 23, 2020, the

ALJ issued an unfavorable decision, Tr. 36-68, and on October 28, 2020, the

Appeals Council denied review.  Tr. 1-6.  Plaintiff appealed to the U.S. District

Court for the Eastern District of Washington, and on February 3, 2022, the

undersigned remanded the matter for additional proceedings.  Tr. 748-69.  After a

second hearing on January 26, 2023, the ALJ issued another unfavorable decision on

into effect on December 1, 2022; Rule 5 and Rule 6 state the actions are presented as

briefs rather than motions.  Fed. R. Civ. P. Supp. Soc. Sec. R. 5, 6.

[3] The Court identifies a plaintiff in a Social Security case only by the first name and

last initial in order to protect privacy.  See Local Civil Rule 5.2(c).

ORDER - 2

March 22, 2023.  Tr. 656-83.  The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1971 and was 46 years old at the time the application was filed.  Tr. 675.  He completed a GED in 1994.  Tr. 204.  He has work experience as a retail customer service representative, dishwasher, and security guard.  Tr. 204. In April 2018, Plaintiff was the victim of an assault and suffered a closed head injury.  Tr. 43.  Plaintiff testified that the major problem that prevents him from working is his brain injury.  Tr. 41.  His short-term memory is "pretty much shot." Tr. 42.  Sometimes he is in the middle of something and forgets what he is doing. Tr. 51.  He has pain, stiffness, and tightness in his neck from a herniated disc.  Tr. 53.  Sometimes the pain flares and he needs to lie down.  Tr. 54.

At the second hearing, Plaintiff testified his thinking is sometimes foggy and he forgets things.  Tr. 694-95.  It can affect his balance.  Tr. 695, 699.  He testified that does not have neck pain any more.  Tr. 697.  He uses marijuana and CBD.  Tr. 700-01.

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported by

substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158

(9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable

mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and

citation omitted).  Stated differently, substantial evidence equates to "more than a

mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).

In determining whether the standard has been satisfied, a reviewing court must

consider the entire record as a whole rather than searching for supporting evidence in

isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156

(9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's

decision on account of an error that is harmless." *Id*.  An error is harmless "where it

is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115

(quotation and citation omitted).  The party appealing the ALJ's decision generally

bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or

her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is

not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing

such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the

claimant's RFC, the claimant is capable of performing other work in the national

economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the

Commissioner must also consider vocational factors such as the claimant's age,

education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant

is capable of adjusting to other work, the Commissioner must find that the claimant

is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of

adjusting to other work, analysis concludes with a finding that the claimant is

disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers

in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d

386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff has not engaged in substantial gainful

activity since July 24, 2018, the application date. Tr. 661. At step two, the ALJ

found that Plaintiff has the following severe impairments: degenerative disc disease,

cervical spine; acromioclavicular joint separation, left shoulder; residuals of traumatic brain injury; mild neurocognitive disorder; anxiety disorder; attention deficit hyperactivity disorder (ADHD); posttraumatic stress disorder (PTSD); and cannabis use disorder.  Tr. 661.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 662.

The ALJ then found that Plaintiff has the residual functional capacity to perform medium work with the following additional limitations:

> He can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds; he can occasionally reach overhead with his left upper extremity; he cannot have concentrated exposure to extreme cold or vibration; he can have no exposure to workplace hazards, such as unprotected heights and moving mechanical parts; he is limited to very simple, routine, repetitive tasks consistent with a reasoning level of 1; and he requires a routine, predictable work environment with no more than occasional changes and no assembly-line or fast-paced work.

Tr. 664.

At step four, the ALJ made no finding about past relevant work.  Tr. 675.   At step five, after considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as cleaner II, window cleaner, floor waxer, and fish cleaner.  Tr. 675-76.

ORDER - 8

Thus, the ALJ found that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time since July 24, 2018, the date the application was filed.  Tr. 676.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act.  ECF No. 9.  Plaintiff raises the following issues for review:

1.      Whether the ALJ properly considered the Listings;

2.      Whether the ALJ properly considered the medical opinions;

3.      Whether the ALJ properly evaluated Plaintiff's symptom testimony;

4.      Whether the ALJ properly evaluated the lay witness statements; and

5.      Whether the ALJ made a legally sufficient step five finding.

ECF No. 9 at 5-6.

## DISCUSSION

**A.    Step Three**

At step three of the evaluation process, the ALJ must determine whether a claimant has an impairment or combination of impairments that meets or equals an impairment contained in the listings.  *See* 20 C.F.R. § 416.920(d).  The listings describe "each of the major body systems impairments [considered] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 416.925.  An impairment

1  "meets" a listing if it meets all of the specified medical criteria.  *Sullivan v. Zebley,*

2  493 U.S. 521, 530 (1990); *Tackett,* 180 F.3d at 1098.  An impairment that manifests

3  only some of the criteria, no matter how severely, does not qualify.  *Sullivan,* 493

4  U.S. at 530; *Tackett,* 180 F.3d at 1099.

5        An unlisted impairment or combination of impairments "equals" a listed

6  impairment if medical findings equal in severity to all of the criteria for the one most

7  similar listed impairment are present.  *Sullivan*, 493 U.S. at 531; *see* 20 C.F.R. §

8  416.926(b).  "Medical equivalence must be based on medical findings," and "[a]

9  generalized assertion of functional problems is not enough to establish disability at

10  step three." *Tackett*, 180 F.3d at 1099.  An unlisted impairment or combination of

11  impairments is equivalent to a listed impairment if medical findings are present

12  equal in severity to all of the criteria for the one most similar listed impairment.

13  *Sullivan,* 493 U.S. at 531; *see* 20 C.F.R. § 416.926(b).  The claimant bears the

14  burden of establishing an impairment (or combination of impairments) meets or

15  equals the criteria of a listed impairment.  *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

16  Cir. 2005).

17        The ALJ found that Plaintiff's conditions do not meet or equal Listings 12.02

18  (neurocognitive disorders), 12.04 (depressive, bipolar and related disorders), 12.06

19  (anxiety and obsessive-compulsive disorders), 12.11 (neurodevelopmental

20  disorders), and 12.15 (trauma- and stressor-related disorders).  In order to satisfy

21  Listings 12.02, 12.04, 12.06, or 12.15, a claimant must meet the criteria of

paragraphs A and B or paragraphs A and C.[4]  20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02,12.04, 12.06, 12.15.  For Listing 12.011, a claimant must meet the criteria of paragraphs A and B.  20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.11.

To satisfy the "B criteria" for any of these listings, the claimant's mental impairments must result in one extreme limitation or two marked limitations in four broad areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself.  Tr. 21; 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.02B, 12.04B, 12.06B, 12.11B, 12.15B.  An "extreme" limitation means an inability to function independently, appropriately, or effectively, and on a sustained basis.  A "marked" limitation means the ability to function independently, appropriately, or effectively, and on a sustained basis is seriously limited.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F2.

The ALJ discussed the evidence and found that Plaintiff has: (1) a marked limitation in the understanding, remembering or applying information; (2) a mild limitation in interacting with others; (3) a moderate limitation in concentrating, persisting or maintaining pace; and (4) a moderate limitation in adapting or managing oneself.  Tr. 662-63.  The ALJ found that Plaintiff's mental impairments

---

[4] Paragraphs A and C are not at issue in this case.

do not cause at least two "marked" limitations or one "extreme" limitation, so the paragraph B criteria are not satisfied.  Tr. 664.

Plaintiff argues that the ALJ erred in evaluating his functioning in the paragraph B category of concentrating, persisting or maintaining pace.  ECF No. 9 at 17.  The ALJ found that Plaintiff has a "moderate" limitation in that area, meaning that Plaintiff's ability to function independently, appropriately, or effectively, and on a sustained basis in this area is fair.  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00F2.  In support, the ALJ noted exam findings of intact concentration (Tr. 552); able to accurately perform serial 7's but with poor attention throughout the interview (Tr. 558); sustained and appropriate attention and concentration, with occasional divided concentration (Tr. 571, 575, 640);  unable to perform serial 7's but able to perform serial 3's slowly but accurately (Tr. 1223); and exhibited good persistence and pace, remained on task, did not appear easily distracted, and did not require redirection (Tr. 1241).  Tr. 663.  These records reasonably support the ALJ's conclusion that Plaintiff has a moderate limitation in the area of concentrating, persisting, and maintaining pace such that Plaintiff's ability to function independently, appropriately, or effectively, and on a sustained basis in this area is fair.

Plaintiff cites raw data regarding memory scores from Dr. Everhart's report and argues that these test results should translate to a marked or extreme limitation, suggesting that the scores are two standard deviations below the mean.  ECF No. 9 at 17.  Plaintiff's argument fails for several reasons.  First, the ALJ considered the

memory scores obtained by Dr. Everhart in assessing a marked limitation in the area of understanding, remembering, or applying information, noting that Plaintiff "exhibited impaired delayed recall, and testing revealed that he had borderline cognitive functioning and low auditory memory, immediate memory, and delayed memory." Tr. 663.  Plaintiff has not identified any theory or basis for considering his memory scores in evaluating the functional area of concentrating, persisting, and maintaining pace instead of or in addition to the area of understanding, remembering or applying information.  Second, Plaintiff has identified no authority or basis in the record to conclude that the scores referenced are two standard deviations below the mean, or that two standard deviations below the mean corresponds to a marked or extreme limitation within the meaning of the listings.[5]  Third, Dr. Everhart considered the results of her own memory testing and concluded that, "His persistence and pace are good.  He remains on task.  He does not appear easily distracted." Tr. 1241.  Additionally, she stated that Plaintiff's "attention, concentration, and intellectual ability appear to be within normal limits" based on the mental status exam.  Tr. 1241.  Fourth, Plaintiff does not address the other evidence cited by the ALJ in support of the step three finding.  Tr. 21.  The ALJ's

---

[5] Plaintiff cites 20 C.F.R. § 416.926a and POMS DI 25225.020, which discuss how functional equivalence for children is evaluated and are not applicable in this case. ECF No. 9 at 17.

ORDER - 13

citation to multiple evaluations in the record was a reasonable basis for concluding that Plaintiff does not have a marked or extreme limitation in the area of concentrating, persisting, and maintaining pace.  Tr. 663.

Plaintiff also argues Dr. Wiarda's findings "establish a marked limitation, especially when considered in combination with his memory issues and distraction from pain."  ECF No. 9 at 17-18.  As discussed *infra*, Plaintiff's interpretation of Dr. Wiarda's evaluation is not supported by its contents.  Furthermore, the ALJ reasonably considered the contents of Dr. Wiarda's assessment in making the step three finding, which is not addressed by Plaintiff.  Tr. 663.  The ALJ's step three finding regarding Plaintiff's mental impairment is based on a reasonable interpretation of the record and is supported by substantial evidence.

**B.    Medical Opinions**

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…"  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 416.920c(a) and (b).  Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were

considered.  20 C.F.R. § 416.920c(b)(2).  The ALJ may, but is not required, to explain how other factors were considered.  20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

In evaluating supportability, the more relevant the objective medical evidence and supporting explanations provided by a medical source to support his or her opinion, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2).  In evaluating consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion will be.  20 C.F.R. § 416.920c(c)(1)-(2).

### 1. *Nicholas R. Wiarda, Psy.D.*

Dr. Wiarda performed a consultative examination in November 2018 and noted Plaintiff had significant deficits secondary to a traumatic brain injury, marijuana abuse for most of his life, and strengths including few if any deficits in daily function and activities of daily living.  Tr. 560.  Dr. Wiarda opined that there appears to a deterioration in Plaintiff's ability to work; that Plaintiff demonstrated the ability to reason and clearly make decisions between better and worse options; and that Plaintiff was able to carry out a three-step direction.  Tr. 561.  He further opined that Plaintiff was impaired in several areas: (1) understanding and memory, particularly with auditory and delayed memory; (2) sustained concentration and pacing; (3) social impairment through an inability to sustain a long-term, mature

relationship and communicate with supervisors effectively to meet his needs; and (4) difficulty adapting to new tasks or environments.   Tr. 561.

The ALJ was "largely persuaded" by Dr. Wiarda's opinion.  Tr. 672.  The ALJ observed that Dr. Wiarda did not quantify his opinion, but that his opinions related to reduced memory and concentration, simple and few step instructions, and difficulties related to new tasks were supported by the results of his testing, including tests of memory and concentration and Plaintiff's report of difficulties adapting to jobs.  Tr. 672.  The ALJ also found Dr. Wiarda's assessment of limitations in these areas to be consistent with the record, including reduced memory scores.  The ALJ concluded that Dr. Wiarda made no findings incompatible with the RFC limitation to simple, few step tasks in a non-rapid work environment with few changes.  Tr. 672.  The ALJ pointed out this is consistent with Plaintiff's intact activities of daily living and the record of mental health treatment.  Tr. 672.

However, the ALJ noted that Dr. Wiarda supported the social limitations based on Plaintiff's self-report of social issues.  Tr. 62 (citing Tr. 561).  The ALJ found this portion of the opinion is not supported by the record including, for example, Dr. Wiarda's own finding of good eye contact and spontaneous response to questions.  Tr. 672 (citing Tr. 558, 563).  The ALJ also found the social limitations assessed by Dr. Wiarda to be inconsistent with Plaintiff's cooperative, calm, and pleasant demeanor during exams with other providers.  Tr. 672 (citing Tr. 571, 575, 640).  Plaintiff asserts generally that, "the opined social interaction deficits are

supported by and consistent with the record evidence," ECF No. 9 at 10, but does not explain how the ALJ's reasoning is incorrect in fact or law.

Plaintiff also argues that when the ALJ found Dr. Wiarda's opinion largely persuasive, the ALJ "adopted the disabling findings of Dr. Wiarda." ECF No. 9 at 10. Without addressing the ALJ's discussion, Plaintiff asserts that the ALJ failed to include limitations assessed by Dr. Wiarda in the RFC, including the "need for compensatory measures," an "inability to recall previously learned information," and a "need for additional supports." ECF No. 9 at 10. However, none of these asserted "limitations" are included in Dr. Wiarda's assessment. Tr. 561.

Dr. Wiarda said Plaintiff "may" need compensatory measures, but this is not a functional limitation. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009); *Glosenger v. Comm'r of Soc. Sec. Admin.*, 2014 WL 1513995 at *6 (D.Or. April 16, 2014) (affirming the ALJ's rejection of limitations prefaced with language such as "might," "may," or "would also likely require."). Second, while Dr. Wiarda said that Plaintiff "can recognize but not recall previously learned information," Tr. 561, the ALJ accounted for Plaintiff's reduced memory in the RFC by limiting Plaintiff to simple, few step tasks in a non-rapid work environment with few changes. Tr. 672. Third, Plaintiff takes "proper supports" out of context, as Dr. Wiarda actually said that "with proper supports, his visual memory may be a relative strength." Tr. 561. This appears to be a description of one of Plaintiff's strengths rather than a

limitation; to the extent it could be interpreted as a limitation, as the ALJ noted, it is not quantified, and the ALJ did not err. *See Ford*, 950 F.3d at 1156; *Valentine*, 574 F.3d at 691-92. The ALJ's consideration of Dr. Wiarda's opinion is reasonable and supported by substantial evidence.

### 2. Erin Morrison, M.D.

Dr. Morrison completed a mental evaluation in October 2022. Tr. 1220-23. She diagnosed "rule out" depression and unspecified neurocognitive disorder. Tr. 1223. She opined that Plaintiff has some ability to reason and understand; his memory appears to be mildly to moderately limited; sustained concentration and persistence are likely to be moderately limited unless he is doing something he knows well; social interaction is likely to be moderately limited; he could likely understand, carry out and remember simple instructions, but not complex or two-step, unless it was well-learned in the past; he would be unlikely to be able to sustain concentration and persist in a work activity at a reasonable pace; he may not respond appropriately to supervision, co-workers, and the public; and it is unlikely that he would tolerate stress and adapt and manage himself in a work environment. Tr. 1223.

The ALJ found Dr. Morrison's opinion partially persuasive. Tr. 674. The ALJ found Dr. Morrison's opinion that Plaintiff could perform simple instructions is supported by Plaintiff's daily activities and test results indicating ongoing deficits in memory. Tr. 674. However, the ALJ found that Dr. Morrison's opinion regarding

significant social limitations, the inability to maintain concentration, persistence, and pace, and limitation on adaptive functioning in the work environment is not consistent with the longitudinal record which includes a lack of limitations in the paragraph B criteria analysis; Dr. Morrison's other limitations were mostly moderate; Plaintiff's daily activities often involve appropriate interactions with others; and in-depth testing from other examiners who found less than marked limitations in areas other than memory.  Tr. 674.  The ALJ also noted that the social limitation assessed is equivocal and speculative and the restriction on adaptive functioning is vague and does not identify quantifiable work-related limitations.  Tr. 674.  Thus, the ALJ found Dr. Morrison's opinion persuasive only as to limitations on memory and understanding.  Tr. 674.

Plaintiff argues that Dr. Morrison's assessment contained "numerous supportive findings" and was "not speculative."  ECF No. 9 at 11.  Plaintiff observes that Dr. Morrison noted tearfulness and deficits in memory and concentration, noting that Plaintiff remembered zero out of three words after five minutes and had to have some questions repeated.  ECF No. 9 at 11 (citing Tr. 1221-23).  However, the ALJ also noted Dr. Morrison's finding of deficits in memory and concentration (which were described as "mild to moderate" by Dr. Morrison) and explained that the RFC limitation to simple instructions is consistent with those deficits.  Tr. 674.  Plaintiff does not address this aspect of the ALJ's finding which is supported by substantial evidence.

Plaintiff also argues the ALJ did not identify how Plaintiff's activities are inconsistent with the assessed limitations. ECF No. 9 at 12. However, the ALJ referenced the prior discussion of Plaintiff's activities and noted that, for example, Plaintiff's activities included caring for others, Tr. 674, which would reasonably be considered inconsistent with the social limitations assessed. Lastly, Plaintiff argues the longitudinal record is consistent with disabling limitations assessed by Dr. Morrison. ECF No. 9 at 12. Plaintiff restates that he suffers from memory problems and other difficulties which were acknowledged and accounted for in the RFC finding. ECF No. 9 at 12-13. Plaintiff has not shown that the ALJ erred in law or fact, and the ALJ's assessment of Dr. Morrison's opinion is supported by substantial evidence.

### 3. Joyce Everhart, Ph.D.

Dr. Everhart examined Plaintiff in November 2022 and diagnosed unspecified neurocognitive disorder (history of closed head injury); unspecified anxiety disorder; and alcohol use disorder, mostly in remission per self-report (provisional). Tr. 1241. She found that based on the mental status exam, Plaintiff's attention, concentration, and intellectual ability appear to be within normal limits, his persistence and pace are good, he remains on task, and does not appear easily distracted or need to be redirected. Tr. 1241. She opined that Plaintiff has the ability to listen, understand, remember, and follow simple instructions but will likely have difficulty with complex instructions; he is likely to have difficulty adjusting to changes in the work

routine; and he may have difficulty maintain attendance on a sustained basis, but it is not clear whether his use of marijuana would impact attendance.  Tr. 1241.

The ALJ found Dr. Everhart's opinion partially persuasive.  Tr. 674.  The ALJ noted the opinion, which is mostly unquantified, is supported by in-depth testing. Tr. 674.  The ALJ noted that Dr. Everhart's test results regarding memory support significant memory limitations, but test results regarding attention and concentration, executive functioning, and intact activities of daily living do not provide much support for any other limitations.  Tr. 674.  The ALJ also found that the non-memory-related limitations assessed by Dr. Everhart are not consistent with Plaintiff's conservative treatment, which has declined over time; with Plaintiff's daily activities which include caring for others; and the lack of objective findings related to social functioning, adaptive functioning, and attention, concentration, and pace.  Tr. 674-75.  The ALJ was persuaded by Dr. Everhart's opinion that Plaintiff will have difficulty with change and limited Plaintiff to occasional changes, and by Dr. Everhart's memory findings and limited Plaintiff to simple, routine, repetitive tasks.  Tr. 674.  The ALJ found that Dr. Everhart's statement that Plaintiff may have difficulty maintaining attendance, possibly due to marijuana use, is unhelpful and speculative.  Tr. 675.

Plaintiff makes the same arguments made in challenging Dr. Morrison's opinion, ECF No. 9 at 11-13, and for the same reasons, the arguments fail.  Plaintiff discusses Dr. Everhart's memory findings without acknowledging that the ALJ

adopted Dr. Everhart's conclusion that Plaintiff has the ability to listen, understand, remember, and follow simple instructions.  Tr. 674-75, 1241; ECF No. 9 at 11. Furthermore, the ALJ accounted for Dr. Everhart's conclusion that Plaintiff is likely to have difficulty adjusting to changes in work routine by including in the RFC a limitation to routine, predictable work environment with nor more than occasional changes.  Tr. 664 675, 1241.  The only limitation assessed by Dr. Everhart that was rejected by the ALJ involves the ability to maintain consistent attendance, but the ALJ reasonably rejected the limitation as qualified by speculation that marijuana use may impact Plaintiff's ability to maintain attendance.  The ALJ's finding regarding Dr. Everhart's opinion is supported by substantial evidence.

### 4.  Arthur Flores, PA-C

In June 2020, Mr. Flores completed a Medical Report form and listed diagnoses of chronic neck pain post-surgery, mild neurocognitive disorder, and traumatic brain injury.  Tr. 651.  Mr. Flores opined that Plaintiff would miss four or more days per month due to intermittent worsening episodes of neck pain, and when he has pain flares, he "may be unable to work."  Tr. 652.  Mr. Flores also opined that Plaintiff is capable of medium work with a limitation of occasional reaching and handling with the upper extremities.  Tr. 652.  Mr. Flores indicated that Plaintiff is likely to be off-task and unproductive over 30 percent of the workweek.  Tr. 653.

The ALJ found Mr. Flores' opinion is unpersuasive.  Tr. 672.  The ALJ found the opinion is without foundation because there are no treatment notes from Mr.

Flores in the record.  Tr. 672.  The ALJ also noted that Mr. Flores' opinion was speculative because he wrote that the limitations specified in his opinion have existed since September 2008, well before Plaintiff's June 2018 injury, and before Mr. Flores first began seeing Plaintiff in 2015.  Tr. 672.  The ALJ also found the opinion is rebutted by Plaintiff's earning record showing he engaged in substantial gainful activity in 2009 and 2010.  Tr. 191-92, 672.

Plaintiff argues the ALJ "simply provided the same reasoning already rejected by this Court." ECF No. 9 at 14.  Plaintiff does not cite the record, but presumably refers to this Court's February 2022 remand decision.  Plaintiff is incorrect, as the prior decision did not reach the substance of the ALJ's consideration of Mr. Flores' opinion.  Tr. 764-65.  This Court only stated that "since the ALJ is to send Plaintiff for re-testing upon remand, these opinions [Mr. Flores' and Dr. Rubin's] will need to be readdressed on remand as well." Tr. 764-65.  Plaintiff's statement that that the Court rejected the ALJ's reasoning with regard to Mr. Flores' opinion is incorrect and the argument is without merit.

Plaintiff also argues the ALJ improperly considered Mr. Flores' reference to 2008 as the date of onset, since (1) he does not assert disability from 2008-2010; (2) this is an SSI claim with application date of July 24, 2018; and (3) Mr. Flores "likely intended to write 2018." ECF No. 9 at 14.  Plaintiff's first two reasons miss the ALJ's point, which is that Mr. Flores' opinion is less reliable because he stated

Plaintiff was disabled before he was injured and before even Plaintiff alleges

disability.  Plaintiff's third reason is speculative and without basis in the record.

With regard to treatment notes, Plaintiff observes that the updated record

includes an exam note from Mr. Flores dated June 2, 2020, which is the date of Mr.

Flores' assessment.  ECF No. 9 at 15 (citing Tr. 1200-01).  The ALJ's statement that

there is no treatment note from Mr. Flores in the record is therefore erroneous.

However, "[e]ven when part of an ALJ's five-step analysis is not linguistically

completely clear or exhaustively complete, or precisely factually accurate, some

errors are legally harmless, such as errors which do not affect the ultimate result of

the analysis." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th

Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir.2007); *Curry v.

Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1990); *Booz v. Sec'y of Health and Human

Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984)).

Although the ALJ mistakenly stated there was no treatment note from Mr.

Flores in the record, the ALJ actually considered the June 2, 2020, treatment note

from Mr. Flores in several contexts.  Tr. 667, 669, 671-73.  With respect to mental

findings, the ALJ noted that Mr. Flores' treatment note indicates Plaintiff

complained of ongoing memory and concentration difficulties and that his recent

memory was abnormal, but his remote memory was normal.  Tr. 667.  The ALJ also

noted that Mr. Flores administered a "SLUMS" test that reveled only mild

neurocognitive deficits.  Tr. 669, 1200-01.  Additionally, Plaintiff points to nothing

1  in Mr. Flores' treatment note inconsistent with the ALJ's findings.  Because the ALJ

2  reasonably considered the treatment note and gave other legally sufficient reasons

3  for the weight given to Mr. Flores' opinion, the error is harmless.

4      *5. Stephen Rubin, Ph.D.*

5      Dr. Rubin, the medical expert, testified at the hearing that there is evidence of

6  neurocognitive disorder, depressive disorder, anxiety disorder, and trauma-based

7  disorder, probably PTSD.  Tr. 44.  Dr. Rubin opined that Plaintiff has a "very

8  specific short-term memory deficit which would impact the kind of jobs that he is

9  capable of doing."  Tr. 46.  He opined that "in other aspect he seems to be doing

10  fine" and that most progress notes indicate "that he is doing fine in the face to face

11  interacting."  Tr. 46.  With regard to workplace limitations, Dr. Rubin opined that

12  Plaintiff could do relatively simple, routine, repetitive tasks with little adaption or

13  change and no high-paced work.  Tr. 48, 673.  He assessed no limitations on

14  interacting with others.  Tr. 48.

15      The ALJ found Dr. Rubin's opinion largely persuasive.  Tr. 673.  The ALJ

16  discussed supportability and consistency and explained how the opinion was

17  considered.  Tr. 673.

18      Plaintiff argues generally that the ALJ adopted Dr. Rubin's testimony but

19  "failed to properly translate the limitations to the RFC."  ECF No. 9 at 16 (citing Tr.

20  673).  Plaintiff's argument is unclear, but he seems to allege that the ALJ should

21  have adopted a marked limitation in understanding, remembering, or applying

ORDER - 25

information.  ECF No. 16 at 23.  However, the ALJ adopted Dr. Rubin's assessment

of a marked limitation in the B criteria of understanding, remembering, or applying

information, so Plaintiff's argument is moot.  Tr. 46, 662-63, 673.  To the extent that

Plaintiff suggests this limitation should have been included in the RFC finding,

limitations identified in the "paragraph B" and "paragraph C" criteria "are not an

RFC assessment but are used to rate the severity of mental impairment(s) at steps 2

and 3 of the sequential evaluation process." Social Security Ruling 96-8p, 1996 WL

362207 (effective July 2, 1996).  The ALJ did not err with respect to Dr. Rubin's

opinion.

## C.    **Symptom Testimony**

An ALJ engages in a two-step analysis to determine whether a claimant's

testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must

determine whether there is objective medical evidence of an underlying impairment

which could reasonably be expected to produce the pain or other symptoms alleged."

*Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  Second, "[i]f the

claimant meets the first test and there is no evidence of malingering, the ALJ can

only reject the claimant's testimony about the severity of the symptoms if [the ALJ]

gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*,

763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted).

"General findings are insufficient; rather, the ALJ must identify what testimony is

not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting

1  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*,

2  278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility

3  determination with findings sufficiently specific to permit the court to conclude that

4  the ALJ did not arbitrarily discredit claimant's testimony.").  "The clear and

5  convincing [evidence] standard is the most demanding required in Social Security

6  cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

7  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

8       In assessing a claimant's symptom complaints, the ALJ may consider, *inter*

9  *alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

10  claimant's testimony or between her testimony and her conduct; (3) the claimant's

11  daily living activities; (4) the claimant's work record; and (5) testimony from

12  physicians or third parties concerning the nature, severity, and effect of the

13  claimant's condition.  *Thomas*, 278 F.3d at 958-59.

14       The ALJ's decision must contain specific reasons for the weight given to the

15  claimant's symptoms and be consistent with and supported by the evidence, which

16  must be clearly articulated so the individual and any subsequent reviewer can

17  assess how the adjudicator evaluated the individual's symptoms.  Social Security

18  Ruling 16-3p, 2016 WL 1119029, at *9.  The ALJ "must specifically identify the

19  testimony she or he finds not to be credible and must explain what evidence

20  undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir.

21  2001).  While the ALJ is not required to perform a line-by-line analysis of the

claimant's testimony, the ALJ is still required to do more than offer "non-specific conclusions that [claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

First, the ALJ found that the objective evidence is inconsistent with the level of limitation alleged by Plaintiff. Tr. 668-69. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch*, 400 F.3d at 680.

The ALJ indicated he had reconsidered the evidence since the first decision, including new evidence and new test results, and found that the objective evidence supports greater limitations than found in the first decision, but not the degree of limitations alleged by Plaintiff. Tr. 668. The ALJ noted Dr. Everhart's 2022 exam results show slight improvement in auditory memory but declines in other areas of memory. Tr. 668 (citing Tr. 559-60, 1240-41). The ALJ acknowledged that Plaintiff's memory had not improved as he had expected per the previous decision, so he assessed a marked limitation in the paragraph B category of understanding,

remembering, and applying information, and limited Plaintiff to only the simplest

of work-related tasks consistent with a GED reasoning level of 1.  Tr. 668; *see* Tr.

664.

Otherwise, the ALJ found that the updated memory test scores have not

translated into significant clinical deficits.  Tr. 668.  The ALJ noted numerous

mental status exam findings of normal mood and affect, speech, thought process and

content, insight and judgment, concentration, and even normal memory, and similar

findings in the updated record.  Tr. 668 (citing *e.g.*, Tr. 353, 357, 552, 571, 575, 584,

589, 597, 602, 611, 1050, 1072, 1081, 1087, 1092, 1097, *etc*.).  The ALJ observed

that only two mental status exams in the most recent records note any memory

difficulty (Tr. 1185, 1200), and one provider administered a test which revealed only

mild neurocognitive deficits.  (Tr. 1201).  Tr. 668.  The ALJ found that the

longitudinal record shows Plaintiff's mental status is normal almost all of the time

and that clinical deficits are subtle or transitory.  Tr. 669.  Furthermore, the ALJ

found nothing in Dr. Everhart's 2022 assessment is contrary to the RFC finding

which was largely adopted by the ALJ.  Tr. 669, 1237-42.  Physically, the ALJ

observed that Plaintiff consistently demonstrated normal gait and strength on exam.

Tr. 669 (citing Tr. 353, 363, 643, 1132, 1200).  The ALJ's discussion of the

objective evidence and the longitudinal record is reasonable and based on substantial

evidence.

Second, the ALJ found Plaintiff's activities of daily living show that his test scores do not necessarily translate into functional difficulty.  Tr. 669.  It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling pain in assessing a claimant's symptom complaints.  *See Rollins*, 261 F.3d at 857.  However, it is well-established that a claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Notwithstanding, if a claimant is able to spend a substantial part of her day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.  *Fair,* 885 F.2d at 603.  Furthermore, "[e]ven where [Plaintiff's daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1113.

The ALJ found that Plaintiff is capable of performing a broad range of daily activities, such as taking care of multiple dogs, playing video games, and assisting with household chores such as cleaning.  Tr. 757.  Plaintiff argues the ALJ "failed to provide any specific details" and "failed to identify any activities" inconsistent with Plaintiff's allegations.  ECF No. 9 at 23.  However, the ALJ discussed each activity and found that "taking care of multiple dogs, for example, requires adequate memory to feed, water, walk, and let out dogs on a schedule."  Tr. 669.  The ALJ

noted that "playing video games requires sustained attention and concentration." Tr. 669. The ALJ also observed that "[k]eeping one's own house clean and assisting another person with her household chores requires fundamentally intact adaptive functioning." Tr. 669. The ALJ also found that Plaintiff's ability to work part-time doing security work in 2019 and 2021 indicate that he was able to understand, remember, and apply work-related information sufficiently to perform in a work environment. Tr. 669. In the decision now before the Court, the ALJ identified specific activities and how they are inconsistent with Plaintiff's alleged limitations. The finding is sufficiently specific and supported by substantial evidence.

Plaintiff argues that he testified that his activities were qualified by needing reminders, confusion, and forgetfulness. ECF No. 9 at 19-20. He asserts that he was not able to adequately perform his security job. ECF No. 9 at 20. Plaintiff's argument does not address the ALJ's finding, but even if Plaintiff's argument is valid, the ALJ gave other clear and convincing reasons supported by substantial evidence, so any error would be harmless. *See Carmickle*, 533 F.3d at 1162.

Third, the ALJ found Plaintiff's work history undermines his disability allegations. Tr. 669. Limited work history is a clear and convincing reason for rejecting subjective symptom allegations. *Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015); *see Thomas*, 278 F.3d at 959 (ALJ gave clear and convincing reasons for credibility determination, including relying on "extremely poor work history" even before she claimed disability which "negatively affected her

credibility regarding her inability to work").  The ALJ indicated that he reexamined

Plaintiff's work history and observed that Plaintiff's underemployment or

unemployment extends for many years before his alleged disability onset date.  Tr.

669.  The ALJ found this shows "little propensity to work."  *See Thomas*, 278 F.3d

at 959.

Plaintiff argues the Court previously rejected this reasoning in the previous

remand order and that the ALJ "fails to offer any persuasive rationale."  ECF No. 9

at 20.  However, in the prior ALJ decision, the ALJ failed to make any finding

regarding Plaintiff's propensity to work and instead only "raise[d] a question."  Tr.

760; *see* Tr. 27.  Here, the ALJ made a specific finding and explained his reasoning,

Tr. 669-70, and while this reason may not by itself be determinative of the outcome

of this case, it is a valid reason for finding Plaintiff's allegations less persuasive.

Next, Plaintiff argues he had earnings in the vast majority of years, ECF No. 9 at 20,

but Plaintiff does not dispute the ALJ's observation that in the 20 years before filing

for disability, Plaintiff achieved an annual level of substantial gainful activity in only

one year.  Tr. 670 (citing Tr. 955-57).  This is reasonably interpreted as showing

little propensity to work.  Lastly, Plaintiff argues he testified his ability to work was

limited for the past nine years due to a herniated disc in his neck.  ECF No. 9 at 20

(citing Tr. 53).  The ALJ acknowledged this testimony and found that Plaintiff has

not provided any evidence of a neck condition that affected his ability to work from

2006-2018, and further, Plaintiff only alleged disability since 2017.  Tr. 670.  The

ALJ's finding is specifically explained and constitutes a clear and convincing reason based on substantial evidence.

Fourth, the ALJ found that Plaintiff's course of treatment undermines his allegations of disabling limitations. Tr. 670. Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. § 416.929(c)(3)(iv)-(v). The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch*, 400 F.3d at 681. However, in some cases, it may be inappropriate to consider a claimant's lack of mental health treatment as evidence of a lack of credibility. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). Where the evidence suggests lack of mental health treatment is part of a claimant's mental health condition, it may be inappropriate to consider a claimant's lack of mental health treatment as evidence of a lack of credibility. *Id*. Notwithstanding, when there is no evidence suggesting a failure to seek treatment is attributable to a mental impairment rather than personal preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the level of complaints. *Molina*, 674 F.3d at 1113-14.

The ALJ found that Plaintiff's treatment history is sporadic. Tr. 670. The ALJ acknowledged that Plaintiff's memory impairment is likely not treatable, but his other impairments are. Tr. 670. The ALJ found that Plaintiff's physical impairments are remote in time and received little to no treatment during the relevant period, and that while he received treatment for depression and anxiety, the

frequency is not reflective of the symptom severity alleged.  Tr. 670.  The ALJ

found that Plaintiff is not prevented from treatment by a lack of insight and

judgment, which has been found to be intact on mental status exams throughout the

record.  Tr. 670.  The ALJ inferred that Plaintiff does not feel the need for more

aggressive treatment, suggesting his symptoms do not trouble him to the extent

alleged.  Tr. 670.

Plaintiff argues the updated record "does show regular treatment and

medication management," citing generally the same records cited by the ALJ, ECF

No. 9 at 19 (citing Tr. 1046-1219).  However, the ALJ observed that when Plaintiff

was engaged in treatment, he attended mental health visits about twice a month, but

there had been no mental health counseling in the year-and-a-half before the

decision.  Tr. 670 (citing Tr. 581-650, 1046-1219).  Plaintiff also asserts he did not

receive conservative treatment, which was not cited as a reason by the ALJ, and that

the ALJ improperly rejected Plaintiff's symptoms based on "waxing and waning

symptoms."  ECF No. 9 at 19.  Plaintiff has not demonstrated that the ALJ's

interpretation of the record is incorrect or improperly relies on a selective reading of

the record.  The ALJ's reasoning is specific, clear and convincing and is supported

by substantial evidence.

**D.    Lay Witness Statements**

For claims filed on or after March 27, 2017, 20 C.F.R. § 416.9520c

describes how an ALJ must evaluate evidence from medical sources and clarifies

how an ALJ should evaluate nonmedical lay testimony. *See* 20 C.F.R. §

416.920c(d). The regulations indicate ALJs should consider "all of the available

evidence" in evaluating the intensity and persistence of symptoms, including

evidence from "medical sources and nonmedical sources" about the effect of a

claimant's symptoms. 20 C.F.R. § 416.929(c)(1); *see also* Social Security Ruling

16-3p, 2016 WL 1119029 (effective March 16, 2016) (requiring ALJs to consider

other evidence such as other nonmedical sources to evaluate symptoms).

However, an ALJ is not required to articulate how evidence from nonmedical

sources was considered using the requirements applicable to evaluations of

medical opinions. *See* 20 C.F.R. § 416.920c(d). Rather, "[i]f the ALJ wishes to

discount the testimony of lay witnesses, he must give reasons that are germane to

each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff contends the ALJ erred by rejecting the lay witness statements of

Plaintiff's girlfriend and daughter. ECF No. 9 at 20. Plaintiff's girlfriend submitted

two statements which list examples of Plaintiff's memory loss and reminders she

gives Plaintiff. Tr. 297-98, 983. She indicated that he forgets information from one

minute to the next, forgets what he is talking about in the middle of a conversation,

cannot remember what he did during the day, and has difficulty remembering names

of people he interacts with regularly. Tr. 297-98, 983. Plaintiff's daughter

submitted a statement indicating Plaintiff forgets what he is talking about and has to

be reminded. Tr. 984. She stated Plaintiff does not remember much of her

childhood since his accident and he needs to be reminded to take his medications. Tr. 984.

The ALJ considered the lay witness statements and observed they largely mirror Plaintiff's symptom allegations. The ALJ found the statements unpersuasive for "substantially the same reasons" he found Plaintiff's symptom allegations inconsistent with the evidence. Tr. 675. Where the ALJ provides clear and convincing reasons for the weight given to the claimant's testimony, similar testimony by a different witness may also be given less weight. *See Diedrich v. Berryhill*, 874 F.3d 634, 645 (9th Cir. 2017); *Molina*, 674 F.3d at 1114; *Valentine*, 574 F.3d at 694.

Plaintiff's one-sentence argument is premised on the assumption that the ALJ erred in evaluating Plaintiff's symptom statements. ECF No. 9 at 20. As discussed *supra*, the ALJ's findings regarding Plaintiff's symptom allegations are supported by substantial evidence. Likewise, the ALJ's finding regarding the lay witness statements is supported by substantial evidence.

**E.    Step Five**

Plaintiff argues the ALJ erred at step five because the vocational expert's opinion that plaintiff can return to past relevant work was based on an incomplete hypothetical. ECF No. 9 at 21. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).

The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallanes*, 881 F.2d at 756-57; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes*, 881 F.2d at *id.*

Plaintiff's argument assumes that the ALJ erred in evaluating his symptom statements and the medical opinions. ECF No. 9 at 21. However, as discussed throughout this decision, the ALJ's findings were legally sufficient. Plaintiff has not demonstrated that any additional limitations were established in the record or that any limitations were improperly rejected by the ALJ. The RFC finding is legally sufficient and supported by substantial evidence, discussed *supra*. The ALJ therefore properly excluded other limitations from the RFC and hypothetical to the vocational expert. The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

1. Plaintiff's Brief, **ECF No. 9**, is **DENIED**.

2. Defendant's Brief, **ECF No. 13**, is **GRANTED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** October 7, 2024.

_____

LONNY R. SUKO
Senior United States District Judge

ORDER - 38